**NOT RECOMMENDED FOR PUBLICATION**
File Name: 04a0059n.06
Filed: October 29, 2004

**No. 02-4428**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PRENDE MERAJA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| | ) | |
| JOHN ASHCROFT, U.S. Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

**Before: SILER, MOORE, and COLE, Circuit Judges.**

**PER CURIAM.** Petitioner Prende Meraja appeals her denial of asylum. She argues that the Immigration Judge ("IJ") erroneously found her not credible, her past persecution entitles her to asylum, and the Board of Immigration Appeals ("BIA") improperly concluded that her case fit the criteria for streamlined affirmance. For reasons stated hereafter, the BIA's denial of asylum is AFFIRMED.

**BACKGROUND**

Meraja is a native of Albania. She spent nearly thirty years in an internment camp, where Albanian communists forced her into "hard labor," and denied her an education, the right to vote, and the right to earn a living. She was released from the internment camp circa 1988. In 1990, the Albanian communist regime was displaced. In 1997, socialists were elected to power.

Meraja left Albania and entered the United States in 1999. She conceded removability and applied for asylum and withholding of removal under the Torture Convention. In her application for asylum, she described three incidents in which she was physically assaulted. Two of these incidents involved the police, and one involved two young men, or "thugs."

After the hearing, the IJ denied asylum based on adverse credibility, noting that Meraja's testimony before the IJ was inconsistent with her asylum application. Alternatively, the IJ discounted her communist persecution because of changed country conditions, and found that her recent persecution was based on her son's 1997 desertion from the military, rather than on any protected ground. The BIA affirmed without opinion.

**ANALYSIS**

*Denial of Asylum*

Because the BIA affirmed the IJ without opinion, this court reviews the IJ's decision regarding denial of asylum as the final administrative order. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004).

The IJ has discretion to grant asylum to any alien who qualifies as a "refugee." 8 U.S.C. § 1158(a) & (b). A refugee is any alien unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). This court "review[s] the IJ's factual determination as to whether the alien qualifies as a refugee under a substantial evidence test." *Yu*, 364 F.3d at 702. Under this test, the IJ's findings are "conclusive

unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The significant inconsistencies between Meraja's application and her testimony provide substantial evidence for the IJ to find that she lacked credibility. Her testimony is inconsistent in both the sequence and her descriptions of the alleged persecution events. Three events in particular involve two police encounters and one encounter with "thugs." Meraja's application placed the "thug" incident as the first incident, before any police encounters. Her application stated that the "thugs" hit her, but made no mention of her being hospitalized for two weeks. In contrast, in her testimony she asserted that she had been hospitalized for two weeks after the "thug" incident, which itself had followed a police incident. Meraja's application alleged an incident in which the police claimed they were looking for her son, and hit her for lying about his whereabouts. Her application further alleges a second police encounter, in which the police beat her and she was hospitalized for two weeks. In contrast, her testimony does not detail a second police encounter.

The IJ noted these inconsistencies and ultimately determined that Meraja was not credible. These inconsistencies are not minor because they describe the persecution that goes to the heart of Meraja's claim for asylum. Thus, the IJ's adverse credibility determination is supported by sufficient evidence, and a reasonable adjudicator would not "be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This adverse credibility finding alone sufficiently supports the IJ's finding that Meraja failed to qualify as a refugee. Nevertheless, her argument that her past persecution entitles her to asylum is addressed below.

Meraja contends that her past persecution by the communist regime, including placement in the internment camp, established a well-founded fear of persecution. Because this regime no longer controls Albania, the IJ found this past persecution to be immaterial. The IJ completed an extensive analysis of country reports, determining that country conditions had changed since the persecution occurred. Furthermore, the IJ noted that Meraja had experienced no problems for seven years, covering the period from 1990, when the communists fell, to 1997, when her son deserted the military.

Finally, the IJ determined that Meraja had failed to tie incidents that occurred during and after 1997 to any protected ground. The IJ's determination that her attackers were motivated by her son's desertion from the military was supported by Meraga's accounts of the incidents. Persecution based on a refusal to serve in the military does not, in itself, constitute persecution based on political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-83 (1992).

Substantial evidence supports the IJ's finding that Meraja's persecution under the communist regime was immaterial in light of the changed country conditions. Furthermore, substantial evidence supports the IJ's conclusion that she was harmed by the police because of her son's desertion, rather than because of her political opinion.

### *The BIA's Affirmance without Opinion*

Meraja challenges the BIA's affirmance without opinion, alleging that such streamlining is in violation of due process requirements and that her case did not fit the criteria for streamlining. Regulations at that time (Nov. 18, 2002) provided that a Board member could streamline a case if he or she determined, *inter alia*, that "the result reached in the decision under review was correct;

[and] that any errors in the decision under review were harmless or nonmaterial." 8 C.F.R. § 3.1(e)(4) (2003).[1] Meraja argues that her case should not have been streamlined because the IJ's decision was wrong and his errors were material and harmful.

This court has ruled that "it is not a due process violation for the BIA to affirm the IJ's decision without issuing an opinion." *Denko v. I.N.S.*, 351 F.3d 717, 730 (6th Cir. 2003) (internal quotation omitted). We have not determined, however, whether the BIA's decision to streamline a case is subject to judicial review. Assuming, for argument only, that judicial review is proper, Meraja's argument against use of the streamline procedure fails. Even if the standard of review most favorable to Meraja were to be employed, the result would be the same. De novo review – unlikely to be the appropriate standard – would essentially place this court in the position of the BIA, which reviews the IJ's findings of fact under the clearly erroneous standard. *See* 8 C.F.R. § 3.1(d)(3)(i) (2003). The BIA has indicated that a decision may be reversed as clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Zamudio*, 2004 WL 848586 (BIA Feb. 26, 2004) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 365 (1948)). The IJ's findings of adverse credibility and a lack of well-founded fear of persecution were not clearly erroneous. Therefore, even if this court were to review the BIA's decision to affirm without opinion, it would be affirmed.

**AFFIRMED.**

---

[1] This streamline regulation was later moved to 8 C.F.R. § 1003.1(e)(4), with substantially similar requirements, by 68 Fed. Reg. 9824-01 (Feb. 28, 2003).

No. 02-4428
Meraja v. Ashcroft